UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JESSICA KARR                              CIVIL ACTION

VERSUS                                    NO: 08-1984

BRICE BUILDING COMPANY, INC.              SECTION: J(4)
ET AL

## ORDER AND REASONS

Before the Court are Plaintiff's **Motion to Remand (Rec. Doc. 52)** and Defendant Brice Building Company, Inc. ("Brice") and its insurer Amerisure Mutual Insurance Company's ("Amerisure") (collectively "Brice") **Motion to Dismiss Loyola University as a Non-Diverse Defendant (Rec. Doc. 55)**.

Also pending before the Court are Brice's (**Motion for Summary Judgment (Rec. Doc. 28)**, seeking an order dismissing Plaintiff's personal injury claims, and Plaintiff's **Motion to Strike (Rec. Doc. 37)**, seeking an order striking the affidavit of John Milazzo submitted in support of Brice's motion for summary judgment.

## PROCEDURAL HISTORY AND BACKGROUND FACTS

Plaintiff was injured on April 30, 2007 when she tripped and fell over a piece of stacked temporary fencing on the sidewalk in front of Loyola Law School ("Loyola"). Plaintiff filed suit in the Civil District Court for the Parish of Orleans on April 3, 2008, against Brice and its insurer Amerisure Mutual Insurance

Company, alleging that Brice was negligent in placing the temporary fence on or near the sidewalk, thereby creating a hazard that caused Plaintiff's fall.  The fence was erected in connection with a construction project ("the Project") at Loyola, for which Brice was the prime contractor.

Brice and its insurer removed the case to this Court on April 25, 2008.  On February 9, 2009, Plaintiff filed an amended complaint asserting similar negligence claims against Loyola. Loyola has not yet filed an answer in the case, despite the fact that responsive pleadings were due on March 23, 2009.  Plaintiff successfully moved for and was granted an entry of default against Loyola on April 28, 2009.

In the interim, Brice filed a motion for summary judgment (Rec. Doc. 7) on December 8, 2008, which this Court denied without prejudice in the context of granting a jointly filed motion to continue trial in this case.  As noted earlier, Plaintiff filed for leave to amend her complaint to add Loyola on February 5, 2009, shortly after the trial was continued.  The motion for leave to amend was granted as unopposed.  Rec. Doc. 23.  Shortly thereafter, Brice renewed its motion for summary judgment, with an original hearing date of March 18, 2009. Plaintiff then filed an unopposed motion to continue the hearing date on Brice's motion for summary judgment to April 1, 2009,

which was granted.  Rec. Doc. 35.

While Brice's motion for summary judgment was pending, and after successfully obtaining an entry of default against Loyola, Plaintiff filed the present motion to remand, which was set for expedited hearing on the briefs.  In response, Brice has filed its own motion to dismiss Loyola as a party to this action.

## THE PARTIES' ARGUMENTS

Very simply, Plaintiff seeks remand of this action under 28 U.S.C. §1447(c) & (e)  based on the addition of Loyola as a non-diverse defendant.  Plaintiff argues that the addition of Loyola resulted in a lack of complete diversity, and therefore destroyed this Court's subject matter jurisdiction.  As a result, Plaintiff contends that remand is required.

In opposition to Plaintiff's motion and in support of its own motion to dismiss,[1] Brice argues that Plaintiff is not entitled to remand after litigating in this Court for over a year.  Further, Brice argues that Plaintiff failed to provide good cause in seeking an amendment to add a non-diverse party. Additionally, Brice argues that the entry of default against Loyola is void because the Court did not have proper subject matter jurisdiction at the time it entered the default.  Brice argues that the Court should have denied the joinder of Loyola as

---

[1]  The memorandum in support of Brice's motion to dismiss incorporates by reference Brice's opposition to Plaintiff's motion to remand.  See Rec. Doc. 55-1.

a non-diverse party under §1447(e).  Instead, Brice argues that
the Court allowed Plaintiff to file an amended complaint adding
Loyola as a defendant "as a routine matter, without any showing
whatsoever that [Loyola] should have been joined as a defendant."
Rec. Doc. 54, p. 4.  Brice cites the Fifth Circuit's decision in
Hensgens v. Deere & Co., 833 F.2d 1179 (5th Cir. 1987), in
support of its position.  Hensgens sets forth a four-factor test
for determining whether the addition of a non-diverse defendant
requiring remand should be granted, or whether the amendment
seeking to add the non-diverse defendant should be denied,
allowing the federal court to retain jurisdiction. The
Hensgens court vacated the district court's order allowing
joinder of a non-diverse defendants, and remanded to the district
court for a determination of whether the plaintiff had shown
adequate cause for joinder of the non-diverse defendant.  Id. at
1182-83.  Under Hensgens, Brice argues that Plaintiff was
dilatory in seeking joinder of Loyola, and waited until the
imminent hearing date on Brice's motion for summary judgment to
seek such joinder.  In essence, Brice argues that Plaintiff's
motion to remand is a late-filed attempt to evade federal
jurisdiction.

## DISCUSSION

As an initial matter, Brice ignores the fact that
Plaintiff's motion to file an amended complaint adding Loyola as

a defendant was granted as *unopposed,*[2] not merely as a "routine

matter."  Thus, despite the fact that Brice consented to

Plaintiff's motion to add Loyola as a defendant, Brice is now

attempting to retroactively oppose that amendment.  The Federal

Rules do not explicitly provide for motions for reconsideration

of interlocutory orders.  <u>St. Paul Mercury Ins. Co. v. Fair

Grounds Corp.</u>, 123 F.3d 336, 339 (5th Cir.1997).  Nonetheless,

the Court construes Brice's opposition and its motion to dismiss

as a motion for reconsideration of the Court's prior

interlocutory order, which is governed by the standards of Rule

59(e) under the Court's inherent power to reconsider or modify

its interlocutory orders. See <u>Xerox Corp. v. Genmoora Corp.</u>, 888

F.2d 345, 356 (5th Cir.1989); <u>T-M Vacuum Products, Inc. v. TAISC,

Inc.</u>, 2008 WL 2785636, *2 (S.D. Tex.2008) ("Rule 59(e)'s legal

standards are applied to motions for reconsideration of

interlocutory orders.").

A court's reconsideration of an earlier order is an

extraordinary remedy, which should be granted sparingly.  See

<u>Fields v. Pool Offshore, Inc.</u>, 1998 WL 43217, at *2 (E.D. La.

Feb.3, 1998), aff'd, 182 F.3d 353 (5th Cir.1999); <u>Bardwell v.

George G. Sharp, Inc.</u>, 1995 WL 517120, at *1 (E.D. La. Aug.30,

1995).  The Court must "strike the proper balance" between the

---

[2]  See Plaintiff's Unopposed Motion for Leave to Amend
Complaint,  Rec. Doc. 22.  Additionally, Brice has not argued
that it was in fact opposed to Plaintiff's motion.

need for finality and "the need to render just decisions on the basis of all the facts." Edward H. Bohlin Co. v. Banning Co., 6 F.3d 350, 355 (5th Cir.1993). To succeed on a motion for reconsideration, a party must " 'clearly establish either a manifest error of law or fact or must present newly discovered evidence." ' Ross v. Marshall, 426 F.3d 745, 763 (5th Cir. 2005) (quoting Pioneer Natural Res. USA, Inc. v. Paper, Allied Indus., Chem. & Energy Workers Int'l Union Local 4-487, 328 F.3d 818, 820 (5th Cir. 2003)). "Like a motion under Rule 59(e), a motion to reconsider may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised before the entry of the judgment or order." T-M Vacuum Products, Inc., 2008 WL 2785636, at *2.

Based on the above law, to the extent that Brice is attempting to relitigate Loyola's joinder after its prior lack of opposition, Brice has presented no grounds on which the Court can grant the extraordinary remedy of reconsideration. Nonetheless, because Loyola's joinder was granted without specific reasons, the Court will address Brice's arguments under Hensgens.

Rule 15(a) of the Federal Rules of Civil Procedure provides that a party may amend its pleading with leave of court, which "[t]he court should freely give . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). The Fifth Circuit has held that a Rule 15 "motion should not be denied unless there is a substantial

reason to do so."  Jacobsen v. Osborne, 133 F.3d 315, 318 (5th

Cir. 1998).  However, 28 U.S.C. §1447(c) provides that "[i]f at

any time before final judgment it appears that the district court

lacks subject matter jurisdiction, the case shall be remanded."

28 U.S.C. §1447(c).  Likewise, §1447(e) provides that "[i]f after

removal the plaintiff seeks to join additional defendants whose

joinder would destroy subject matter jurisdiction, the court may

deny joinder, or permit joinder and remand the action to the

State court."  Id. at §1447(e).  Hensgens established the

analytical framework for the interplay between the liberal

amending standard of Rule 15 and the restrictive amending

standard of §1447(e) vis-a-vis remand:

> The district court, when faced with an amended pleading
> naming a new nondiverse defendant in a removed case,
> should scrutinize that amendment more closely than an
> ordinary amendment.   Rule 15(a) . . . provides that
> leave to amend "should be freely given when justice so
> requires," and Rule 20 permits joinder of proper parties.
> In this situation, justice requires that the district
> court consider a number of factors to balance the
> defendant's interests in maintaining the federal forum
> with the competing interests of not having parallel
> lawsuits [as the result of a remand].

Hensgens, 833 F.2d at 1182.  The four factors to be considered in

the Hensgens analysis are (1) "the extent to which the purpose of

the amendment is to defeat federal jurisdiction"; (2) "whether

the plaintiff has been dilatory in asking for amendment"; (3)

"whether plaintiff will be significantly injured if amendment is

not allowed"; and (4) "any other factors bearing on the equities"

7

in the case at hand.  Id.  In this analysis, however, "[a]s long as the plaintiff states a valid claim against the new defendants, the principal purpose is not to destroy diversity jurisdiction." Jackson v. Wal-Mart Stores, Inc., 2003 WL 22533619, *2 (E.D. La. Nov. 6, 2003) ( citing Herzog v. Johns Manville Products Corp., 2002 WL 31556352, *2 (E.D. La. Nov. 15, 2002); Bienaime v. Kitzman, 2000 WL 381932, at *2 (E.D. La. Apr. 12, 2000); Burton v. Mentor Corp., 1996 WL 751063, at *1 (E.D. La. Oct. 29, 1996)).

First, Plaintiff's Amended Complaint states a valid negligence claim against Loyola, and thus, under the above-cited law, its principle purpose is not to destroy diversity.  Further, *Brice's own pleadings* in support of its motion for summary judgment bolster the conclusion that Plaintiff's amended complaint states a valid claim and was not filed merely to destroy diversity:

> The fence was owned by Loyola University.  The fence was installed by Loyola University. At the University's request, the fence was removed and stacked by Brice at the corner of Pine and Dominican.  The stacking of the fence occurred more than a month and a half before the plaintiff's accident.  Loyola University took full care, custody and control of the fence sometime before March 23, 2007, as the photos reflect. Loyola University had the sole duty and obligation to remove the fence or to otherwise make it safe.  Three weeks before the accident, the University issued a Certificate of Substantial Completion to Brice evidencing the completion of the contractual duties and responsibilities. **No hazardous or unsafe condition was created by Brice and if such a condition existed, it was not the responsibility of Brice, but the responsibility of Loyola University.**

Rec. Doc. 28-1, p. 9 (emphasis in original).  Thus, Brice

actually argues that Plaintiff's case, to the extent it states a

viable claim for negligence is proper *only against Loyola*.  For

Brice to argue that Plaintiff is somehow trying to evade federal

jurisdiction when it has itself argued that Loyola is the only

viable defendant is disingenuous.  As such, under the first

<u>Hensgens</u> factor, Plaintiff's joinder of Loyola was not intended

to defeat diversity jurisdiction.

As for the second factor under <u>Hensgens</u>, and despite Brice's

arguments in the context of the present motions that Plaintiff's

amendment was dilatory, Brice has effectively admitted to facts

that undermine its own arguments.  Specifically, the memorandum

in support of the parties joint motion to continue trial, which

was filed on December 16, 2008, indicated that "[t]he parties in

this matter have been diligent in obtaining discovery **but are**

**having a difficult time completing the medical testimony and**

**factual testimony required to understand the facts and**

**circumstances of Plaintiff's accident."**  Rec. Doc. 16, p.2

(emphasis added).[3]  These alleged difficulties in establishing

the *facts and circumstances of Plaintiff's accident*, which were

pled by both Plaintiff *and Brice* as grounds for continuing the

---

[3]  The parties also cited discovery delays caused by
Hurricanes Gustave and Ike as further support for their motion to
continue trial.

original trial date in this case, suggest that Plaintiff was not

dilatory in seeking to amend her complaint to add Loyola as a

defendant.  Rather, it appears from the record in this matter as

well as the uncontested presentations of the parties that

difficulties in discovery likely led to the delay in adding

Loyola as a party defendant.  In addition, this case had only

been pending before this court for less than one year at the time

Plaintiff added Loyola as a defendant.  Other courts applying

Hensgens have found that a one or even a two-year delay in

seeking to amend to add a new non-diverse defendant, depending on

the circumstances, may not preclude joinder.  See, e.g., Bethay

v. Ford Motor Co.,1999 WL 496488 (E.D. La., Jul. 13, 1999);

Tujaque v. Atmos Energy Corp., 2008 WL 489556, (E.D. La. Feb. 20,

2008).  Furthermore, "temporal proximity between Defendants'

removal and Plaintiff's sudden effort to add defendants" has been

construed as evidence of the plaintiff's purpose to defeat

jurisdiction.  Penny Realty Inc. v. Southwest Capital Services,

Inc., 2008 WL 2169437 (W.D. La. May 23, 2008); Rosa v. Aqualine

Res., Inc., 2004 WL 2479900 (N.D. Tex. Oct. 28, 2004); accord

Holcomb v. Brience, Inc., 2001 WL 1480756 (N.D. Tex. Nov. 20,

2001) (the court viewed the temporal proximity "and the lack of

intervening discovery with 'much suspicion.' ").  However, in

this case, *there was no proximity* between Brice's removal and

Plaintiff's amendment.  Rather, as noted previously, there were

apparently several attempts at and delays of discovery over the course of roughly a year of litigation before Plaintiff sought to add Loyola as a defendant.  Thus, the lack of temporal proximity suggests that Plaintiff did not add Loyola merely to defeat diversity jurisdiction.  Therefor, the second <u>Hensgens</u> factor also weighs in favor of a finding that the joinder of Loyola was proper.

With respect to the third and fourth factors of the <u>Hensgens</u> analysis, both support a finding that the joinder of Loyola was appropriate.  First, and again as Brice has effectively admitted and affirmatively argued, Plaintiff will be significantly injured if amendment is not allowed because Loyola, according to Brice itself, is the only party besides Plaintiff herself whose negligence contributed to Plaintiff's injuries.  Thus, it is obvious that precluding Plaintiff from joining Loyola as a defendant would, as Brice's own arguments imply, severely prejudice Plaintiff's case.  Finally, given the above analysis, the equities in this case generally weigh in favor of allowing Plaintiff's joinder of Loyola.

As such, Plaintiff's joinder of Loyola was proper under <u>Hensgens</u>.  As a result, §1447(c) and (e) require that this Court remand this action to the State court.  Accordingly,

**IT IS ORDERED** that Brice's **Motion to Dismiss Loyola University as a Non-Diverse Defendant (Rec. Doc. 55)** is hereby

**DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's **Motion to Remand (Rec. Doc. 52)** is hereby **GRANTED** under 28 U.S.C. §1447(c) and (e) and <u>Hensgens</u>, as Defendant Loyola is a non-diverse party that destroys the Court's subject matter jurisdiction over this matter. This case is hereby **REMANDED** to the state court from which it was removed.

**IT IS FURTHER ORDERED** that Brice's (**Motion for Summary Judgment (Rec. Doc. 28)** and Plaintiff's **Motion to Strike (Rec. Doc. 37)** are hereby **DENIED AS MOOT.**

New Orleans, Louisiana this <u>22nd</u> day of <u>May</u>, 2009.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE